IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DAVID KELLY and DEANDRE MORGAN, *
                                                                              *
    PLAINTIFFS,                             *
                                                                              *
VS.                                                                  *    CASE NO.: 9:19cv80656
                                                                 *
NO PRESSURE ROOF CLEANING LLC, *
A Florida Limited Liability Company, and *
PAUL B. GUITARD, an individual, *
    DEFENDANTS. *

**COMPLAINT**
**{Jury Trial Demanded}**

Plaintiffs, DAVID KELLY and DEANDRE MORGAN, bring this action against Defendants, NO PRESSURE ROOF CLEANING LLC (hereinafter "NO PRESSURE") and PAUL B. GUITARD, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Florida state law and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiffs, DAVID KELLY and DEANDRE MORGAN, were residents of the State of Florida and "employees" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiffs, DAVID KELLY and DEANDRE MORGAN, engaged in interstate commerce on a regular and recurring basis, within the meaning of the FLSA.

4. At all times material hereto, Defendant, NO PRESSURE, was a Florida corporation with its principle place of business in South Florida, engaged in interstate commerce by providing roof and pressure cleaning services, was the "employer" of the Plaintiffs as that term is defined by the FLSA and Florida law, and has annual gross sales or business volume of $500,000 or more.

5. Defendant PAUL B. GUITARD was, and now is, the managing agent, director or owner of Defendant, NO PRESSURE, and said Defendant acted and acts directly in the interests of the Defendant, NO PRESSURE, in relation to said co-Defendant's employees. Defendant effectively dominates Defendant NO PRESSURE administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others by setting hours, assigning work to employees, setting wages and hiring, firing and suspending employees. Thus, Defendant PAUL B. GUITARD was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. § 203(d). PAUL B. GUITARD resides in Palm Beach County, is over the age of 18 and is otherwise *sui juris*.

6. This Court has supplemental jurisdiction over Plaintiff DEANDRE MORGAN's state law claim pursuant to 28 U.S.C. § 1367, because this claim is related to and forms a part of the same case or controversy as Plaintiff DEANDRE MORGAN's federal claims.

## FACTS

7. In justifiable reliance upon the Defendants' representations and promises, Plaintiffs accepted employment and began working for Defendants as roof cleaners.

8. As part of Plaintiffs' employment, they were required to come to the Defendants' office between 6:30 AM and 8:30 AM and would be assigned to a truck. Plaintiffs would then drive to job sites to clean roofs, fix landscaping, and pressure clean houses and driveways. Plaintiffs would return the truck to the Defendants before heading home for the night usually after 6 or 7 PM.

9. During Plaintiffs' employment, Defendants did not pay the full and proper overtime wage of 1.5 times their regular rates for all hours worked over 40 each week.

10. Defendants have knowingly and willfully refused to pay Plaintiffs all their legally entitled wages.

11. The records, if any, concerning the date ranges of the Plaintiffs' employment, the number of hours Plaintiffs actually worked, and the compensation actually paid to Plaintiffs are in the possession and/or control of Defendants; however, Plaintiffs have attached statements of claims as Exhibit A and Exhibit B to provide initial estimates of their damages. These amounts may change as Plaintiffs engage in the discovery process.

### PLAINTIFF DAVID KELLY FACTS

12. Plaintiff DAVID KELLY worked for the Defendants from October 1, 2017 through April 2018. Plaintiff DAVID KELLY was employed by the Defendants for approximately 30 weeks.

13. Plaintiff DAVID KELLY was paid a base wage of $12.00 an hour.

14. Plaintiff DAVID KELLY worked an average of 65 hours a week for which he should have been paid an hourly overtime rate of $18 an hour ($12 x 1.5 = $18). Plaintiff DAVID KELLY often worked Monday through Saturday and sometimes worked on Sundays.

15. Under the direction of the Defendants, Plaintiff DAVID KELLY would keep track of his time on the Defendants' time card system clocking in and out when he arrived for work and when he left.

16. When Plaintiff DAVID KELLY's time card approached 40 hours, the Defendants would pay him for those hours at $12.00 an hour for a weekly base pay of $480.00 (40 hours x $12.00 = $480.00).

17. The Defendants then provided Plaintiff DAVID KELLY with a new time card to record his hours for the rest of the pay period.

18. One time card would contain his base time under 40 hours and a second card would contain his hours in excess of the first time card and any overtime hours he worked.

19. At the end of the workweek, the Defendants would pay Plaintiff DAVID KELLY $12.00 an hour for the hours he worked in excess of 40 hours. They would pay him based on the time kept on the second time card.

20. The Defendants willfully refused to pay the additional $6.00 an hour Plaintiff DAVID KELLY was owed so that his overtime compensation would be the proper overtime rate of $18.00 an hour and not $12.00, which was his straight time pay.

21. Defendants destroyed, usually by shredding, the second time card after Plaintiff DAVID KELLY was paid.

22. This willful scheme to evade overtime pay resulted in Plaintiff DAVID KELLY regularly not being paid an average of $150.00 a week in overtime ($6.00 x 25 hours of overtime = $150.00). Plaintiff DAVID KELLY is presently owed approximately $4,500.00 in overtime pay (30 weeks x $150.00 = $4,500.00).

## PLAINTIFF DEANDRE MORGAN FACTS

23. Plaintiff DEANDRE MORGAN worked for the Defendants from December 3, 2017 through December 3, 2018.

24. From December 3, 2017, to approximately July 2, 2018, Plaintiff DEANDRE MORGAN was paid an hourly rate of $15.00 an hour. In July 2018, a commission-based pay system was initiated by Defendants and that was how Plaintiff DEANDRE MORGAN was paid from July 2018 until he stopped working for the Defendants.

25. While working for the Defendants, Plaintiff DEANDRE MORGAN worked an average of 65 hours a week for which he should have been paid an hourly overtime rate of $22.50 an

4

hour ($15 x 1.5 = $22.50). Plaintiff DEANDRE MORGAN often worked Monday through Saturday and sometimes worked on Sundays.

26. Under the direction of the Defendants, Plaintiff DEANDRE MORGAN would keep track of his time on the Defendants' time card system.

27. When Plaintiff DEANDRE MORGAN's time card approached 40 hours, the Defendants would pay Plaintiff DEANDRE MORGAN for those hours at $15.00 per hour for an approximate weekly base pay of $600.00 (40 hours x $15.00 = $600.00).

28. The Defendants would then provide Plaintiff DEANDRE MORGAN with a new time card to record his hours for the rest of that workweek.

29. One time card would contain Plaintiff DEANDRE MORGAN's base hours and a second card would contain his hours in excess of the first time card and any overtime hours he worked.

30. At the end of the workweek, the Defendants would pay Plaintiff DEANDRE MORGAN $15.00 an hour for the hours he worked in excess of 40 hours recorded on the second time card.

31. The second time card was destroyed, usually by shredding.

32. The Defendants willfully refused to pay the additional $7.50 ($22.50 – $15 = $7.50) per hour that Plaintiff DEANDRE MORGAN was owed for the time he worked in excess of 40 hours. This willful scheme to evade overtime pay resulted in Plaintiff DEANDRE MORGAN regularly not being paid an average of $187.50 a week in overtime ($7.50 x 25 hours of overtime = $187.50). Plaintiff DEANDRE MORGAN is presently owed approximately $5,625.00 in overtime pay (30 weeks x $187.50 = $5,625.00).

33. Starting about July 1, 2018, the Defendants stopped paying Plaintiff DEANDRE MORGAN an hourly wage and started paying him via a commission system.

34. The Defendants told Plaintiff DEANDRE MORGAN he would be paid either a 5% or a 10% commission for the jobs he completed in any given workweek.

35. The Defendants routinely failed to pay the full commissions. See <u>Exhibit B</u>.

36. The Defendants also stopped paying Plaintiff DEANDRE MORGAN any overtime wages for the work he performed in excess of 40 hours a pay period. See <u>Exhibit B</u>.

37. Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

38. Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

39. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-38 above as if set forth herein in full.

40. Plaintiffs allege this action pursuant to the FLSA that Plaintiffs are entitled to (i) time-and-a-half overtime pay; and (ii) liquidated damages.

41. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorney's fees pursuant to the applicable provisions of the FLSA.

42. See attached Statements of Claim, Exhibit A and Exhibit B, for the amounts of overtime owed to each Plaintiff.

43. All Defendants acted willfully in refusing to pay the required wages.

WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, plus costs, liquidated damages, reasonable attorneys' fees, pre and post judgment interest, and such other remedy as the Court deems just and appropriate.

## COUNT II
## CLAIM FOR UNPAID WAGES
## DEFENDANT NO PRESSURE

44. Plaintiff DEANDRE MORGAN realleges and incorporate the allegations set forth in paragraphs 1-11 and 23-38 above as if set forth herein in full.

45. Plaintiff DEANDRE MORGAN is owed approximately $5,884.97 for commissions earned but not paid.

46. Plaintiff DEANDRE MORGAN demanded payment of these unpaid wages from the Defendant NO PRESSURE; however, the Defendant NO PRESSURE failed and continues to refuse to pay DEANDRE MORGAN his unpaid wages.

47. As a result of Defendant NO PRESSURE's actions, Plaintiff DEANDRE MORGAN has been damaged.

WHEREFORE, pursuant to Fla. Stat. § 448.08, Plaintiff DEANDRE MORGAN respectfully demands judgment against Defendant NO PRESSURE plus costs, reasonable attorneys' fees, pre and post judgment interest, and such other remedy as the Court deems just and appropriate.

## COUNT III
## FAILURE TO KEEP PROPER RECORDS
## ALL DEFENDANTS

48. Plaintiffs DEANDRE MORGAN and DAVID KELLY reallege and incorporate the allegations set forth in paragraphs 1-38 above as if set forth herein in full.

49. Defendants kept two sets of time cards from about October 2017 to July 2018.

50. Defendants would pay Plaintiffs for work done on the first time card with a check.

51. Defendants would pay Plaintiffs for work done on the second time card in cash for the rest of the workweek.

52. The Defendant was required to keep these time cards pursuant to 29 C.F.R. § 516.2.

53. Defendant willfully, and routinely, destroyed the time cards that recorded the overtime hours worked by the Plaintiffs in a workweek.

54. The destruction of the second time card is a willful violation of the FLSA record keeping requirements. This destruction alone is evidence of a willful violation of the overtime provisions of the FLSA and should subject the Defendants to liquidated damages for any overtime wages owed to the Plaintiffs in this case.

55. From July 2018 to December 2018, Plaintiff DEANDRE MORGAN was paid pursuant to a commission wage system for jobs he completed for Defendant.

56. Defendant failed to keep records of the jobs completed by DEANDRE MORGAN, the amount of commissions owed as well as the number of hours he worked in a given workweek in excess of 40 hours.

57. The failure to keep such records is a willful violation of the Defendants' obligations under 29 C.F.R. § 516.2.

WHEREFORE, Plaintiffs respectfully demand that this Court find the Defendants willfully violated the record keeping requirements of the FLSA and order such other remedy as the Court deems just and appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray:

1. That this Court issues proper process requiring the Defendants to answer this Complaint;

2. That this Court empanel a jury to try all issues triable;

3. The Court rule that the Defendants willfully violated the records keeping requirements of the FLSA.

4. That this Court enter judgment in favor of Plaintiffs against the Defendants, jointly and severally, plus costs, liquidated damages, reasonable attorneys' fees, pre and post judgment interest, and such other remedies as the Court deems just and appropriate on Plaintiffs' overtime claims; and

5. That this Court enter judgment in favor of Plaintiff DEANDRE MORGAN against the Defendant NO PRESSURE for his unpaid wages, plus costs, reasonable attorneys' fees pursuant to Fla. Stat. § 448.08, pre and post judgment interest, and such other remedies as the Court deems just and appropriate on Plaintiff DEANDRE MORGAN's wage claim.

Dated: May 16, 2019

Respectfully submitted,

/s/ Jared Dokovna
Jared Dokovna, Esq.
Fla Bar. No. 833371
The Dokovna Firm
*Attorney for Plaintiffs*
6231 PGA Blvd, Ste 104-242
Palm Beach Gardens, Florida 33418
Phone:		786-220-1665
Facsimile:	305-397-1271
E-mail:		jared@dokovna.com